**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

JOEL MICHAEL SIBERT                                                                                    PLAINTIFF

v.                                                                                  CIVIL ACTION NO. 5:25-CV-209-JHM

CITY OF MURRAY, KENTUCKY et al.                                                        DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Joel Michael Sibert filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court for initial review pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I. STATEMENT OF CLAIMS**

Plaintiff filed a complaint and an amended complaint.  The amended complaint states that it supersedes the original complaint, and the Court conducts its initial review on it only.  Plaintiff sues the City of Murray, Kentucky, and unknown Murray Police Department Officers (John Does 1-5) in their official capacities.[1]  He brings claims under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act (RA), and 42 U.S.C. § 1983 for violation of his due process rights.

Plaintiff states that he is deaf and communicates primarily through American Sign Language.  On November 27, 2024, Plaintiff was involved in a motor vehicle collision at an intersection with limited visibility due to the incline of the road.  He states that he stopped at the stop sign, looked both ways, and "cautiously entered the intersection" when he was struck by a

---

[1] The original complaint listed the City and the Murray Police Department as Defendants.  The superseding amended complaint makes clear that Plaintiff means to sue John Doe Defendants who are officers of the Murray Police Department.

vehicle moving "at speed."  Plaintiff told the officers on the scene that he is deaf.  Officers attempted to conduct the interview through short handwritten notes which, Plaintiff states, is an inadequate means for him to communicate.  Plaintiff alleges that the officers did not confirm that he understood the exchange of information through the notes and did nothing to ensure accuracy of their interpretation of what Plaintiff wrote.  He states that the officers were aware of his difficulty because he was "visibly" struggling to understand them.  Plaintiff alleges that the officers misinterpreted and made incorrect assumptions about his statements and included false statements in their police report.

Plaintiff alleges that after the accident the City of Murray through its police officers "failed to provide effective communications" or offer "auxiliary aids, misinterpreted his written statement, and incorporated false information into an official police report."  According to Plaintiff, he had to pay "a third-party vendor for a human-verified transcript of body-worn camera footage," which he alleges amounted to a discriminatory "surcharge."  He also alleges that his Fourteenth Amendment right to due process was infringed when false statements attributed to Plaintiff appeared in the official police report.  Plaintiff reports that his auto insurer relied on the false narrative in assessing liability to him.

Plaintiff alleges *Monell*[2] liability of the City due to its custom of relying on written exchanges instead of providing interpreters or auxiliary aids for the deaf and for its failure to train its employees.  According to Plaintiff, the City receives federal financial assistance rendering it subject to "the nondiscrimination mandates of the Rehabilitation Act[.]"

Plaintiff seeks declaratory and injunctive relief requiring ADA-compliant practices and damages.

---

[2] *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

2

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, when considering a *pro se* complaint, "the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint).

### III. ANALYSIS

#### A. Doe Defendants

Plaintiff sues the Doe Defendants, City of Murray police officers, in their official capacities. However, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" which employs the individual, here the City of Murray which is also a Defendant. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Lloyd v. City of Streetsboro*, No. 18-3485, 2018 WL 11298664, at *3 (6th Cir. Dec. 20, 2018). Thus, Plaintiff's claims against these individuals in their official capacity are redundant to his claims against the City of Murray. *Monell,* 436 U.S. 658, 690 n. 55. For this reason the Court will dismiss Plaintiff's claims against the Doe Defendants.

#### *B. ADA and RA Claims*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To state a claim under Title II, plaintiffs must show that: (1) they are qualified individuals with a disability; (2) the entity is subject to the ADA; and (3) plaintiffs were denied the opportunity to participate in or benefit from services, programs, or activities provided by the entity." *Babcock v. Michigan*, No. 22-CV-12951, 2024 WL 6895830, at *5 (E.D. Mich. Mar. 30, 2024) (citing *Tucker v. Tennessee*, 539 F.3d 526, 532–33 (6th Cir. 2008), *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015); *Lleras-Rodriguez v. Geo Grp., Inc.*, 2022 WL 2951530, at *5 (W.D. Mich. July 26, 2022)).

To bring a claim under Section 504 of the RA, a plaintiff must have a disability, be "otherwise qualified for participation in a health program or activity," be "excluded from

4

participation in, denied the benefits of, or subjected to discrimination under the program solely by reason of his disability," and the program must receive federal financial assistance. *Doe v. BlueCross BlueShield of Tenn., Inc.*, 926 F.3d 235, 241 (6th Cir. 2019) (citing *Maddox v. Univ. of Tenn.*, 62 F.3d 843, 846 (6th Cir. 1995)). "The ADA and Rehabilitation Act are considered together as the statutes are interpreted similarly." *Outmemphis v. Lee*, No. 2:23-CV-2670-SHL-CGC, 2026 WL 881226, at *12 (W.D. Tenn. Mar. 31, 2026) (citations omitted).

Here, Plaintiff alleges that he is a qualified individual with a disability; that the City is a public entity within the meaning of the ADA and that it receives federal financial assistance rendering it subject to Section 504 of the RA; that he immediately indicated to officers that he is deaf and the officers understood that he was deaf; that officers failed to provide an interpreter, "relay service," "VRI," or other auxiliary aids; that his "reliance on handwritten notes was not consent to forego an interpreter or auxiliary aids"; that the handwritten notes were an "inadequate method of communication" which resulted in an inaccurate understanding of Plaintiff's version of what happened; and that these inaccuracies were memorialized in the police report, which his insurer relied on to determine liability and improperly attributed fault to Plaintiff.

On review, the Court allows Plaintiff's ADA and RA claims to continue.

### C. Section 1983

According to the amended complaint, the City "had no ADA compliant communication policy, no interpreter protocol, and no mandated ADA training for officers at the time of the incident." Plaintiff alleges that the City is liable under *Monell* based on its custom of relying on written notes rather than providing interpreters or auxiliary aids and for its failure to train its employees on ADA compliance. Plaintiff also alleges that the inclusion of false statements in the police report violated his Fourteenth Amendment right to due process.

The Court will allow Plaintiff's *Monell* and due-process claims to continue as well. *See Bullington v. Bedford Cnty., Tenn.*, 905 F.3d 467, 475–76 (6th Cir. 2018) ("[W]e find no clear inference from either the text of the statute, its legislative history, or its context that Congress intended for the ADA's remedial scheme to displace § 1983 suits enforcing constitutional rights. Instead, the statutory text, the legislative history, and the context of the ADA all suggest that Congress intended, by passing the ADA, to supplement, not replace, existing remedies to individuals who had suffered disability discrimination."); *Ogbonna-McGruder v. Austin Peay State Univ.*, No. 3:21-CV-00506, 2023 WL 2416378, at *8 (M.D. Tenn. Mar. 8, 2023) (noting that *Bullington* indicates that a plaintiff in this situation does not have to do very much to adequately allege a violation of plaintiff's federal constitutional rights; it suffices merely to incant something to the effect that the defendants have violated plaintiff's "federal constitutional rights[.]").

## IV. CONCLUSION

**IT IS ORDERED** that Plaintiff's claims against John Doe Officers (1-5) are **DISMISSED** as redundant to his claims against the City of Murray.

The Court **DIRECTS** the Clerk of Court to **terminate the Murray Police Department** as a Defendant.

By separate Order, the Court will order service and refer this case to a Magistrate Judge.

Date:  May 5, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
4414.009

6